FILED

NOT FOR PUBLICATION

JUL 20 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ICHSAN GUNADI, | No. 08-71338 |
| Petitioner, | Agency No. A098-263-738 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Ichsan Gunadi, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence, *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010), and we deny the petition for review.

Contrary to Gunadi's contention, the record does not compel the conclusion that Guandi filed his asylum application within a reasonable period of time after any extraordinary circumstances.  *See* 8 C.F.R. § 1208.4(a)(5).  Accordingly, his asylum claim fails.

Gunadi does not argue he suffered past persecution, but he contends he will be persecuted in the future due to his dispute with a former friend.  Substantial evidence supports the agency's determination that Gunadi failed to establish a clear probability of future persecution.  *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc) (explaining persecution is an "extreme concept" involving the infliction of harm).  Accordingly, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Gunadi failed to show that it is more likely than not that he will be tortured if returned to Indonesia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

08-71338